## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERTA L. ROTH, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:08CV156 |
| vs. | ) ) | ORDER |
| COMPUCREDIT CORPORATION, d/b/a Aspire Visa, and COLUMBUS BANK & TRUST, | ) ) ) ) | |
| Defendants. | ) | |

In October 2001, plaintiff applied for and received an Aspire Visa credit card issued by Columbus Bank & Trust ("CB&T"). She challenges the legality of the fees and service charges posted to her account by the defendants and asserts claims under the Credit Repair Organization Act ("CROA"), 15 U.S.C. § 1679, *et seq.*; the Nebraska Deceptive Trade Practices Act ("NDTPA"), Neb. Rev. Stat. § 59-1601, *et seq.*; and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601, *et seq.*, based on the defendants' promotion and marketing of the Aspire Visa credit card.

In response to the complaint, the defendants filed a Motion to Stay and to Compel Arbitration (Doc. 29), together with an evidence index (Doc. 30) containing a copy of the plaintiff's credit card application (Ex. 1) and a copy of the credit card agreement (Ex. 2)

between plaintiff and CB&T. These exhibits were authenticated by the affidavit of Hima Amin, a paralegal employed by CompuCredit since November 2005.

Plaintiff challenges the authenticity of the credit card agreement because a provision of the credit card agreement quoted in the defendants' brief (Doc. 31 at p. 3/11) does not appear in defendants' Exhibit 2. Further, the document authenticated by Hima Amin is different than the "Aspire Visa Account Bank Credit Card Agreement" (Doc. 39, Ex. 1A) produced by the law firm of Brumbaugh & Quandahl in September 2007 in conjunction with their attempt to collect amounts due on plaintiff's Aspire Visa account.[1]

Plaintiff, therefore, filed a Motion for leave to depose Hima Amin for the purpose of responding to defendants' motion to stay and compel arbitration. The defendants object.

In light of the conflicting credit card agreements produced by the parties, and the text quoted in the defendants' brief that is not included in their evidence index, the court finds that plaintiff should be allowed to depose Hima Amin for the very limited purposes of (a) examining her role as document custodian for CompuCredit, *see* Fed. R. Evid. 803(6), and (b) determining the source of the document filed at Doc. 30 as defendants' Exhibit 2. Plaintiff may not inquire of Ms. Amin at this time as to any other topic, e.g., "the

---

[1] The dueling credit card agreements filed by the parties are barely legible; however, it is apparent that the documents are different.

circumstances regarding the execution of the alleged arbitration clause." *See* Doc. 34 at p. 2/5 ¶ 7.

**IT IS ORDERED**:

1. Plaintiff's Motion for leave to depose declarant Hima Amin (Doc. 34) is granted, in part. Plaintiff may depose Hima Amin for the limited purposes of (a) examining her role as document custodian for CompuCredit, and (b) determining the source of the document filed at Doc. 30 as defendants' Exhibit 2.

2. Defendants' Motion to extend the deadline for filing their Rule 26(f) planning report (Doc. 35) is granted, and plaintiff's objection thereto (Doc. 36) is denied. The Rule 26(f) planning report deadline is suspended and will be reset, if necessary, after the defendants' Motion to Stay and Compel Arbitration (Doc. 29) is resolved.

**DATED November 4, 2008.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**